## R. W. Warren & Sons v. McCutcheon & Co.

### Delivered April 28, 1897.

**1. Plea in Abatement—Due Order—Two Answers Considered One.**

Where two papers filed on successive days were both styled "Original Answer," and the second alone contained a plea in abatement, in order to give the party the benefit on appeal of all of his assignments of error, it was held that the two papers should be considered as one answer, and the plea in abatement being filed out of due order should not be considered.

**2. Bill of Exceptions—Absence of—Forcing to Trial.**

Alleged error in forcing defendants to a trial on appearance day, in the absence of their attorney of record, will not be considered on appeal, where there is no bill of exceptions in the record complaining of such action.

APPEAL from Fort Bend. Tried below before Hon. T. S. REESE.

*J. D. Bryant* and *Jones & Garnett,* for appellants.

*Oscar D. Kirkland,* for appellees.

NEILL, ASSOCIATE JUSTICE.—The appellee, J. L. McCutcheon, who was doing business under the name of McCutcheon & Co., sued appellants to recover a balance alleged to be due him on the contract mentioned in our conclusions of fact.

There are copies of two papers in the record, each styled "Original Answer," one filed March 23, 1896, and the other on the next day after.

As the case seems to have been tried with reference to both papers, we will state the matters pleaded in each. The first contains: (1) a general demurrer; (2) a general denial; (3) a plea alleging that the debt sued for had been fully paid by appellants to B. F. Wolfe & Co., agents of the appellee, and that when such payment was made, Wolfe & Co., with C. F. Cohron and A. P. Root as sureties, executed to appellant their bond, whereby they obligated themselves to indemnify appellant against having to pay said indebtedness to appellee. In said plea they averred that, by reason of said bond, Wolfe & Co. and their sureties were proper parties to the suit, and ought to be cited and required to answer, so that if appellants were required to pay any part of said amount, they could recover over against them on their bond of indemnity; and (4) a plea of payment. It concludes with a prayer for process against Wolfe & Co. and their sureties on said bond of indemnity, and, in the event appellee should recover against appellants, that they have judgment over against Wolfe & Co. and C. F. Cohron, who are alleged to reside in Dallas County, and A. P. Root, who is alleged to reside in Harris County, on said bond for a like amount. The second paper styled original answer contains: (1) a plea in abatement setting up a nonjoinder of Wolfe & Co. and C. F. Cohron and A. P. Root, who are averred, by reason of a certain bond of indemnity made by them to appellant, to be necessary parties defendant to the suit; and (2) a general denial.

The case was tried by the court without a jury, and judgment rendered in favor of appellee for $979.40, with interest thereon from the time the amount was due. From this judgment R. W. Warren & Sons have appealed.

*Conclusions of Fact.*—1. On the 6th day of June, 1895, appellants and appellee entered into a written contract whereby the latter agreed to furnish machinery, material, and labor for the proper construction and operation of a gin plant complete, the work to be completed on or before the 25th day of July, 1895.

2. The appellee complied with the stipulations of said contract, and thereby became entitled thereunder to demand and receive from appellants the sum of $2950, the contract price, and the further sum of $72.65 for extra articles sold by him to appellant to be used in connection with said gin plant.

3. At divers times and in various amounts appellants paid appellee upon the contract sums of money aggregating $1570, leaving a balance due appellee of $1380, besides the $72.65 due for extras.

*Conclusions of Law.*—1. The first assignment of error complains of the court's "overruling and not sustaining" appellants' plea in abatement. If both the papers in the record styled "Original Answer" are to be considered, the plea in abatement was not filed in due order of pleading, and came too late after an answer to the merits. If the first paper filed should only be considered, there would be no plea in abate-

ment on which to predicate the assignment. If the other should be alone considered as the answer, then there would be no pleadings from which other errors assigned could arise. Therefore, in order to give appellants the benefit of the other assignments we would have to consider the papers as one answer, and in doing so hold that the plea in abatement, not being filed in due order of pleading, should not have been considered. The trial court, however, overruled an exception to this plea, and, upon the facts, held that B. F. Wolfe & Co. and their bondsmen were not necessary parties defendant to appellees' action. If it were proper for us to pass upon this ruling, we should sustain it, upon the ground that neither Wolfe & Co. nor their bondsmen were privies to the contract sued on, and against them the appellee had no cause of action.

2. The second proposition under the first assignment of error is not embraced in the assignment, and should not be considered. If the proposition had been assigned as error, we should say that it is not supported by the record. The court did not refuse to permit Ben F. Wolfe & Co. to be made parties defendant by appellants. On the contrary, a special exception to appellants' plea which sought to have them made parties was overruled, the court stating that its ruling was not to be construed as operating a delay of the trial in order to make them parties defendant; that such matter was not passed on, but was, only to be considered as a ruling upon appellants' right to make Ben F. Wolfe & Co. parties. If appellants' making them parties would have delayed the trial, it should have been shown to the court by the appellants, and they should have asked that they be made parties, notwithstanding such delay, and a ruling of the court obtained, and if it had been adverse to appellants, upon a proper assignment of error it could have been considered. Without anticipating what would have been the ruling of the court, it may be doubted whether it could have properly held that a trial of the cause could have been delayed to make parties for appellants' benefit, who, according to appellants' own allegations, could have successfully pleaded their privilege of being sued in the county where one or more of them resided.

Ben F. Wolfe & Co. not being parties to the suit, it may have been error in the trial court to deduct $534.17 from the amount appellants owed appellee, upon the ground that appellants had paid Wolfe & Co. that sum, instead of paying it to appellee. If it was error (and we think it was), the error was in appellants' favor, for they received a credit of $534.17 which they were not entitled to, and as appellee has not complained, we would not be justified in reversing on account of it, even if it were assigned. In an action by the appellants against Wolfe & Co. on their indemnity bond, such ruling of the court could not prejudice the rights of either party in such a suit, for there was no issue between them in this case.

3. The second assignment complains that "the court erred to defendants' prejudice in forcing these defendants to a trial on the appear-

ance day in said court, in the absence of their attorney of record," etc. There is no bill of exceptions in the record complaining of the action of the court in this regard. The judgment recites that, after "all exceptions, demurrers, and plea in abatement and motions having been heard and determined by the court, both parties announced ready for trial on the merits of the case." This does not show that appellants were forced to trial, but that the cause was tried on their announcement of "ready." Had there been an application for a continuance or postponement of trial for the reasons set out in the assignment, and such application had been overruled, and an exception reserved to the ruling, and it made the basis of an assignment, the question would then be before us as to whether the trial court abused its discretion (for the matter would have been addressed to its sound discretion) in refusing such continuance or postponement. As it is, the question is not presented by the record.

4. The third and fourth assignments are in regard to the same matter, and are as unsupported by the record as the one just considered.

5. The fifth assignment of error complains of the court's overruling appellants' motion for a new trial. The grounds of the motion are involved in the assignments of error before considered, and were not such as entitled appellants to a new trial.

There is no error in the record which entitles appellants to a reversal of the judgment, and it is affirmed.

*Affirmed.*